**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PRESANDRA DANIELS,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No:  8:07-cv-1759-T-17TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court *sua sponte*. The Plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits. For the reasons set out herein, it is recommended that the case be dismissed.

On September 26, 2007, Plaintiff filed a complaint seeking review of an adverse decision of the Commissioner of the Social Security Administration on her claim for Social Security disability benefits. By order dated September 28, 2007, the court denied Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to pay the applicable filing fee within twenty days. (Doc. 4). The electronic docket reflects that the filing fee was not paid within that period of time.

Thereafter, on November 1, 2007, the court entered an order again directing Plaintiff to pay the filing fee within twenty days or to otherwise show cause why her case should not be dismissed. (Doc. 6). To date, Plaintiff has not paid the filing fee or responded to the order.

Pursuant to Rule 41(b), a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. *Gratton*, 178 F.3d at 1374 (quoting *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985)). Further, it is within a court's inherent authority to involuntarily dismiss a claim for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Local Rule 3.10 also provides that a court may dismiss a complaint for want of prosecution. *See* M.D. Fla. R. 3.10.

Here, Plaintiff has evidenced a lack of interest in participating in the prosecution of her claim. Notably, Plaintiff has failed on two occasions to comply with the court's orders directing her to pay the applicable filing fee. Plaintiff also has failed to respond to the show cause directive in the court's most recent order of November 1, 2007. As such, Plaintiff has not made any showing of good cause to justify her failure to prosecute her claim, and the court can have no confidence that another order of the court directing the Plaintiff to pay the filing fee or to show cause why this action should not be dismissed will necessarily result in the advancement of this cause. Accordingly, it is recommended that Plaintiff's case be dismissed for failure to prosecute.

        Respectfully submitted this
        29th day of November 2007.

        THOMAS B. McCOUN III
        UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.


Copies furnished to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
Counsel of Record